O’Neill, J.,
dissenting.
{¶ 26} I joined Justice Pfeifer’s learned concurring and dissenting opinion in Corban v. Chesapeake Exploration, L.L.C., — Ohio St.3d -, 2016-Ohio-5796, — N.E.3d -, and I therefore disagree with the majority’s holding in this case that the 2006 version of the Dormant Mineral Act, 2006 Sub.H.B. No. 288, applies. But, unlike Justice Pfeifer, I would hold that the 1977 reservation of the *289 mineral interest by deed was a qualifying title transaction and therefore a saving event under the 1989 version of the Ohio Dormant Mineral Act, former R.C. 5301.56, Sub.S.B. No. 223, 142 Ohio Laws, Part I, 981. I would also hold that the mineral interest reunified with the surface estate 20 years later, in 1997. Accordingly, by the time the 2006 version of the Ohio Dormant Mineral Act became effective, John Noon had no mineral interest to preserve. It had been extinguished as a matter of law.
Cardinal Law Offices and Kenneth Cardinal; and Baker, Dublikar, Beck, Wiley & Mathews and James F. Mathews, for appellee.
Bricker & Eckler, L.L.P., Matthew W. Warnock, Daniel C. Gibson, and Daniel E. Gerken, for appellant.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Samuel C. Peterson, Deputy Solicitor, urging affirmance for amicus curiae state of Ohio.
Jackson Kelly, P.L.L.C., Clay K. Keller, Sandra K. Zerrusen, and J. Alex Quay, urging reversal for amici curiae Eclipse Resources Corporation and Chesapeake Exploration, L.L.C.